**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEREMY JACKSON,<br><br>       Plaintiff,<br><br>v.<br><br>KWU COMPANY and BARRY GLEN TAYLOR, individually,<br><br>       Defendants. | Civil Action No.: 4:24-CV-1275<br><br>State Civil Action No.: 2024-CV-1558-CI (Centre County)<br><br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

**Table of Contents**

I.   **INTRODUCTION** ......................................................................3

II.  **STANDARD OF REVIEW** ......................................................5

III.  **ARGUMENT** ........................................................................6

  A.  **PLAINTIFF LACKS CONSTITUTIONAL AND PRUDENTIAL STANDING TO BRING A TCPA CLAIM.** ................................................................6

    *i.  Plaintiff's interests are not those which the TCPA was designed to protect.* ..........................................................................6

    *ii.  Defendant did not make or direct someone to make the calls* ...................7

  B.  **PLAINTIFF HAS FAILED TO MEET THE PARTICIPATION THEORY STANDARDS IN PA.** .............................................................................8

  C.  **WALKIN GLOBAL LLP A NECESSARY AND INDISPENSABLE PARTY UNDER RULE 19.** ...............................................................................9

    *i.  Walkin Global is a necessary party.* .........................................9

    *ii.  Walkin Global is an indispensable party.* ...................................11

**PRAYER FOR RELIEF** ...............................................................14

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009) ................................................5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 556 (2007) ...........................5
*Choate v. Breaux,* No. 4:11-cv-2118 (M.D. Pa Aug. 31, 2012).....................12, 13
*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154 (3d Cir. 2018) ................................................................................8
*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ................................6
*Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461 (D. Mass. Aug. 25, 2011)....10
*Epsilon Energy U.S., Inc. v. Chesapeake Appalachia*, LLC, Civil No. 1:21-CV-00658 (M.D. Pa. Apr. 26, 2021) .............................................6, 9, 10
*Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635 (3d Cir. 1998)....................12
*Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992) ................................5
*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d. Cir. 1993) ........................................................................6, 9
*Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170 (3d Cir. 1998).............10
*Shaev v. Saper,* 320 F.3d 373, 375 (3d Cir. 2003) ................................5
*Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) ..........6, 7

## STATUTES

*15 Pa.C.S. § 1781 et seq* ................................................................6
*47 U.S.C. § 227(b)(1)(A)(iii)* ................................................................7

## RULES

F.R.C.P. 19 ................................................................5, 10, 11
Rule 12(b)(7) ................................................................9

## DEFENDANT'S BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendants, Barry Glenn Taylor and KWU Company by counsel, file the within Brief in Support of their Motion to Dismiss (*ECF 8*) alleging as follows:

## I.     INTRODUCTION

Robo callers suck! For most people, that is. But not for this Plaintiff,  ("Jeremy"), an attorney who makes a living off representing others in the claims he brings before the Court. The attorney-plaintiff was "lucky" enough to receive telemarketing calls from Walkin Global, LLP ("Walkin" or "Walkin Global"), a Mumbai, India-based company that allegedly sells male enhancement drugs. Jeremy is now suing Defendant, a Texan truck driver ("Barry") and his d/b/a trucking business ("KWU") for these telemarketing calls.

Barry, a customer of Walkin was convinced by Walkin to let the company use Barry's merchant account for transfers in exchange for male enhancement pills. Although Barry's involvement in Walkin remains a bone of contention, Jeremy's theory appears to be that Barry, by letting Walkin use this merchant account, is solely responsible under the Telephone Consumer Protection Act of 1991 ("TCPA") for Walkin Global's allegedly improper phone calls. Jeremy (who admitted to Defendants' counsel and in the complaint that he only bought the male enhancement pills to identify the caller/seller) fails to explain why the man that processes a

payment is the only liable and necessary party but the company that makes and sells the pills is not.

The Telephone Consumer Protection Act of 1991 ("TCPA") was enacted to stunt the prolific growth of pesky call centers' invasion of privacy because everyone deserves some privacy[1]. As Congress often does, it passed the legislation, then passed the rule making to the FCC. In 2013, the FCC added the express written consent rule structure under which Plaintiff filed his complaint.

Jeremy strangely alleges that the trucker, Barry, operates a call center; he does not. Jeremy also alleges Barry was making unsolicited calls trying to sell pharmaceuticals. Again, a factual implausibility. Jeremy claims that these calls were unsolicited advertisements and solicitations without any prior business relationship. Barry will admit that there was no prior relationship because Jeremy has never received freight from his trucking company.

Jeremy claims to have bought a product from the Defendant (and not Walkin) solely to locate the caller's identity. It is apparent that the Plaintiff, again an attorney who regularly brings TCPA claims, only made the purchase for standing purposes and to get access to the sweet treble damages the statute permits. And while the invoice Jeremy received was from KWU Company (merchant account) says

---

[1] "[the unrestricted telemarketing… can be an intrusive invasion of privacy.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

"groceries" there has never been a real business connection between Defendants and the Indian call center. These facts are a real snag in Plaintiff's theory. In buying the pills or since filing the complaint, Jeremy was supplied with the identity of the call center owner and operator, Walkin and a man named "Shaun." While Rule 19 can be pesky at times, it is still a rule. Walkin is an indispensable and may be the only party.

No Defendant made nor authorized any phone call Plaintiff complains of. No Defendant sold Plaintiff any product Plaintiff complains of in his UTPCPL claim. Accordingly, this brief will make easy the Court's job of dismissing the Complaint.

## II.    STANDARD OF REVIEW

"For the purposes of [Defendant's] motion to dismiss, we must accept as true [the] allegations in [Plaintiff's] complaint and make all reasonable inferences in [Plaintiff's] favor." *Shaev v. Saper,* 320 F.3d 373, 375 (3d Cir. 2003), citing, *Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992). Factual pleadings must be plausible, not speculative, and must only "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 556 (2007).

F.R.C.P. 19(a-b) requires necessary parties to be joined. A party is necessary and indispensable. "If the absent party is both necessary under Rule 19(a) and indispensable under Rule 19(b), ***the action must be dismissed***. *Epsilon Energy U.S.,*

*Inc. v. Chesapeake Appalachia*, LLC, Civil No. 1:21-CV-00658, at 13 (M.D. Pa. Apr. 26, 2021), citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). (Emphasis Added).

## III.    ARGUMENT

### A. Plaintiff Lacks Constitutional and Prudential Standing To Bring a TCPA Claim.

#### i.    *Plaintiff's interests are not those which the TCPA was designed to protect.*

The TCPA grants standing and permits Plaintiffs to bring a claim when they suffer an injury-in-fact to their privacy and economic interests due to calls from a Defendant. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805 (W.D. Pa. 2016). As a statutory construct the TCPA was designed to keep in check call centers. It was never intended as a framework for a business. While subsequent FCC rulings gave the TCPA teeth via the $500 per instance fine and treble damages, Plaintiffs still have to show they suffered some harm that is not manufactured specifically to grant standing. *Id.* at 801, citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398. at 401(2013).

Here, Plaintiff admitted he purchased products just to find out who was making the calls. See, *Complaint* ¶ 20. The sum of that purchase, $140, is the only economic harm suffered. In short, the purchase was made by a TCPA attorney solely to create

standing and economic injury, thereby gaining access to the TCPA's lucrative statutory damages. Plaintiff's actions place him outside of class of plaintiffs the TCPA was enacted to protect. See, *Stoops* at 803. (holding that "professional plaintiffs" who pursue TCPA claims "as a source of income" do not have standing).

Plaintiff also fails to show that his privacy interest was violated when he received calls from Defendant. While most people understand the concept of a robocall, few can define an Automated Telephone Dialing System. This would require special knowledge. Plaintiff possesses that special knowledge as a member of the Supreme Court of Pennsylvania bar. More particularly, he gained this knowledge as an attorney who holds himself out as someone whose practice is geared toward bringing TCPA claims. Logic thus follows that the Court must Dismiss Plaintiff's Complaint because Plaintiff is not in the class of Plaintiff the TCPA was enacted to protect. See, *id.*

### ii. *Defendant did not make or direct someone to make the calls*

The TCPA makes it a requires that a Defendant make a call, any call. Essentially, "[t]he TCPA makes it unlawful 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]'" *47 U.S.C. § 227(b)(1)(A)(iii). Stoops* at 790. Defendant is a trucker, and KWU is a trucking company. Neither have ever

owned, operated, or authorized the use of an automatic telephone dialing system ("ATDS"). In fact, until this litigation was pending, the defendant had never called or knew the plaintiff's number. Without a call there is not TCPA violation.

Walkin Global LLP, a call center based in India, on the other hand, owns and operates ADTS. Coincidentally, they are the entity that obtained Plaintiff's number and made the call. Walkin's actions are those that the TCPA was enacted to deter. Because Defendants did not make the calls as required by the TCPA the Court must dismiss Plaintiff's Complaint.

### B. Plaintiff has failed to meet the participation theory standards in PA.

What Barry did use was Walkin Global LLP's product, and as any spend-conscious American, he looked for a deal. That deal here was permitting Walkin Global to use KWU's merchant account in exchange for free products. That is Barry's entire involvement in Walkin Global.

These facts are important here because it proves Barry and his company's relationship to Walkin Global, including the calls Walkin Global makes, is merely *tangential,* and tangential involvement is not actionable under the TCPA. See, *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154 at 162 (3d Cir. 2018). Barry is not even an officer nor employee of Walkin Global, but even if he were sitting on the board in India, he cannot be liable under the TCPA unless he

"actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct." *Id*., citing, *Am. Blastfax*, 164 F.Supp.2d at 897.

   Barry did neither. Barry is a truck driver who is busy operating his trucking business. It is therefore implausible that Barry was operating or overseeing a call center in India at the time complained of. Plaintiff's attempt to include Barry via the TCPA's participation theory in a lawsuit that should be against Walkin Global falls flat. Put simply, Plaintiff has "got the wrong guy". Accordingly, the complaint should be dismissed in its entirety.

### C. Walkin Global LLP is a necessary and Indispensable Party under Rule 19.

Rule 12(b)(7) provides for the dismissal of a complaint for "the failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "If the absent party is both necessary under Rule 19(a) and indispensable under Rule 19(b), ***the action must be dismissed***. *Epsilon Energy U.S., Inc. v. Chesapeake Appalachia*, LLC, Civil No. 1:21-CV-00658, at 13 (M.D. Pa. Apr. 26, 2021), citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc*., 11 F.3d 399, 404 (3d Cir. 1993). (Emphasis Added).

### i.    *Walkin Global is a necessary party.*

Rule 19(a) dictates when a party is necessary. Relevant here is the primarily the contract; the contract for the pills creates a separate, independent proof of a necessary party, as "[a] party to a contract which is the subject of the litigation is a

necessary party." *Epsilon Energy* at 15, quoting *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 467 & n.32 (D. Mass. Aug. 25, 2011).

In a further Rule 19(a) analysis, Walkin Global is necessary because "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19 (a)(1)(A).

> "A non-party is necessary under Rule 19(a)(1) if:
> (A) in [the non-party's] absence, the court cannot accord complete relief among existing parties; or
> (B) [the non-party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [non-party's] absence may:
> (i) as a practical matter impair or impede the [non-party's] ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

*Epsilon Energy* at 13-14, citing *Fed. R. Civ. P. 19(a)(1).* "[C]ourts treat subsections (a)(1)(A) and (a)(1)(B) disjunctively: if either subsection is satisfied, the absent party is necessary. *Id, citing Gen. Refractories v. First State*, 500 F.3d at 312 (citing *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998))."

Here, Barry Taylor and KWU are involved in trucking. Plaintiff was aware of another party involved before filing suit but ignored that party in favor of filing solely against the Defendant. That other party is Walkin Global LLP. Walkin Global LLP operates a call center out of Mumbai, India (Exhibit A).

10

Walkin Global LLP also operates a "mart" at which customers can buy pharmaceuticals. This is the same mart where Plaintiff set the hook. To the extent Defendant is involved, it is in his desire to get the same pharmaceuticals. Defendant bought Walkin Global's product several times. Eventually, he was approached about using his merchant account to run transactions in exchange for free pharmaceuticals. Walkin Global still controlled the call center, made the calls, and then ran the transactions labeling them however the pleased. Because Walkin Global owns the call center, the ADTS, and made the calls they are a necessary party under the TCPA. Walkin Global clearly has an interest in this litigation because it relates to their allegedly illegal conduct, and without Walkin Global that interest is impaired. Without Walkin Global, who most likely is the real, or main defendant, this Court cannot properly adjudicate Plaintiffs claims nor accord complete relief to the parties. Excluding Walkin Global creates a substantial risk that the existing party, a random truck driver who just wanted free male enhancement pills, to unjust liability based on Walkin Global's conduct. Based on the above, the Court must dismiss Plaintiff's Complaint for failure to join a necessary party under Rule 19.

### ii.     *Walkin Global is an indispensable party.*

Determining whether a party is indispensable is a numbers game. The Court uses numerous factors from Rule 19(b) to help decide whether a party is an indispensable one:

    (1)    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2)    the extent to which any prejudice could be lessened or avoided by:

        (A)    protective provisions in the judgment;

        (B)    shaping the relief; or

        (C)    other measures;

    (3)    whether a judgment rendered in the person's absence would be adequate; and

    (4)    whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

"While this list of factors is not exhaustive, they are the most important factors." *Choate v. Breaux,* No. 4:11-cv-2118, at 14 (M.D. Pa. Aug. 31, 2012), (citing *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640-41 (3d Cir. 1998)). The Choate Court summarized the analogous *Whyham v. Piper Aircraft*, where the Court dismissed a complaint for failure to join an indispensable party to illustrate the factors in action:

> The Whyham case was brought by the administrator of the estate of a deceased pilot against the manufacturer of the airplane which had crashed. The airplane manufacturer moved for dismissal based on the plaintiff's failure to join the companies that owned and maintained the plane on the grounds that they were indispensable parties under Rule19. The defendant asserted that the absent entit[i]es potentially bore liability for damages recoverable by plaintiff.

> In proceeding through the four [Rule 19(b)] factors, the Whyham court concluded that, without joinder, a judgment could prejudice both the defendant and the

absent companies. Additionally, there was no modification of judgment that could adequately protect the defendant or absent parties from the potential prejudice that a judgment could generate; the interest in one final judgment addressing all interested parties' rights favored defendant's position; and that there was an adequate remedy in another forum if the action were dismissed. Accordingly, [the] Whyham court determined that the absent parties were indispensable and dismissed the action.

*Choate* at 16-17 (internal citations omitted).

Here, like in *Choate*, failing to join Walkin Global as a defendant would prejudice the current named Defendants. Walkin Global is the owner of the call center that placed the calls to Plaintiff. They are also the operators of the ADTS that placed the call. Precluding them would prejudice the current Defendants.

Additionally, should this proceed to judgment, there is no known scenario or remedy at this time that leads to an amendment that could protect the current Defendants. The only remedy for Defendant would be to file a separate suit against a party that is necessary to this suit. That result cuts directly against Rule 19, and the Federal Rules of Civil Procedure as a whole.

These factors alone highlight how indispensable that Walkin Global, the party that owns the call center, and operated the ADTS that made the calls to Plaintiff is. Truth be told, they are the exact entity that the TCPA was enacted to thwart. And for that the Court must dismiss Plaintiff's Complaint for failure to join an indispensable party under Rule 19.

## PRAYER FOR RELIEF

Wherefore, Barry Glen Taylor and KWU Company respectfully request that the Defendant's motion to dismiss (ECF 8) be Granted in its entirety.

**The Skeen Firm, PLLC**

Dated: <u>August 22, 2024</u>

By: <u>/s/ Brocton G. Skeen</u>
Brian P. McLaughlin
PA I.D. No. 331695
brian@theskeenfirm.com
Brocton G. Skeen
PA I.D. No. 325164
(*Pro Hac Vice*)
bskeen@theskeenfirm.com
6 S. Main Street, Suite 210
Washington, PA 15301

## WORD COUNT CERTIFICATE

Pursuant to L.R. 7.8, I hereby certify the foregoing brief contains 2,655 words as calculated by Microsoft Word.


Dated: <u>August 22, 2024</u>          By: <u>/s/ Brocton G. Skeen</u>
                                       Brocton G. Skeen

## Certificate of Service

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Dismiss to be served upon the following counsel of record via the Court's Electronic Case Filing system:

Jeffery M. Bower
403 South Allen Street
Suite 210
State College, PA 16801
*Counsel for Plaintiff*

Dated: <u>August 22, 2024</u>    /s/ Brocton G. Skeen
               Brocton G. Skeen