Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
215-225-5529

Attorneys for Plaintiff




Attorneys for Defendant




UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA


|  |  |  |
|---|---|---|
| | ) | CASE NO. |
| | ) | 4:24-CV-01275-MWB |
| Jeremy Jackson, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| KWU CO., et al., Defendants. | ) | JUDGE Brann |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

JOINT CASE MANAGEMENT PLAN


Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among

parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

1. Principal Issues

    1.1 Separately for each party, please give a statement summarizing this case:

        By plaintiff(s):

Plaintiff alleges that Defendants KWU Company and Barry Glen Taylor, or their agent, Walkin Global Services LLP, made telemarketing calls to numbers on the National Do Not Call Registry violation of various portions of the the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including his own, as well as violated the Pennsylvania Telemarketer Registration Act. Plaintiff alleges that this calling conduct was allegedly conducted as part of an alleged relationship between Defendants and Walkin Global Services LLP.

        By defendant(s):

    1.2    The facts the parties <u>dispute</u> are as follows:

        <u>agree</u> upon are as follows:

    The Plaintiff received a credit card charge that was processed by the Defendants as a result of the calls at issue. Defendants then were to remit the monies collected to Walkin Global Services.

    1.3    The legal issues the parties <u>dispute</u> are as follows:

The parties dispute that Defendants are directly or vicariously liable for the calling conduct alleged and at issue.

        agree upon are as follows:    None.

    1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:    None.

1.5  Identify any named parties that have not yet been served:

    None.

1.6  Identify any additional parties that:

    plaintiff(s) intends to join:

        None.

    defendant(s) intends to join:

1.7  Identify any additional claims that:

    plaintiff(s) intends to add:    None.

    defendant(s) intends to add:

2.0  Disclosures

The undersigned counsel certify that they have made the initial disclosures required by

Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by ___Plaintiff___ :

| Name | Title/Position |
|---|---|
| Jeremy Jackson | Plaintiff |
| Barry Glen Taylor | Owner of KWU Company |
| Employees of Walkin Global LLP | Callers/Individuals with Knowledge |
|  |  |

Disclosed by _____ :

| Name | Title/Position |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

3.0   **Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>     <u>Moving Party</u>     <u>Anticipated Filing Date</u>

4.0   **Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s): The Plaintiff has served an initial set of discovery upon the Defendant. That discovery is now overdue. Plaintiff takes the position that any objections have been waived. FED R. CIV. P. 33(b)(4); FED R. CIV. P. 34(b)(2)(C).

        By defendant(s):

    4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The Parties agree that discovery into the calling conduct at issue, including the call records, are of primary importance to be undertaken. The Parties also agree that discovery is warranted into the nature of the relationship between Defendants and Walkin, Walkin's business practices, as well as Defendants' illegal payment processing and drug importation.

4.3  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

    None.

4.4  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

    None.

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

    plaintiff(s): 10    defendant(s): 10

4.5.2 interrogatories to be served by:

    plaintiff(s): 25    defendant(s): 25

    4.5.3  document production requests to be served by:

        plaintiff(s): <u>No Limit.</u>    defendant(s): <u>No Limit.</u>

    4.5.4  requests for admission to be served by:

        plaintiff(s): <u>No Limit.</u>    defendant(s): <u>No Limit.</u>

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0    Protective Order

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.    N/A

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:    N/A

6.0   Scheduling

6.1   Final date for joining additional parties:

　　　11/15/2024   Plaintiff(s)

　　　11/15/2024   Defendants(s)

6.2   Final date for amending pleadings:

　　　11/15/2024   Plaintiff(s)

　　　11/15/2024   Defendants(s)

6.3   All fact discovery commenced in time to be completed by:
　　　Jul 7, 2025

6.4   All potentially dispositive motions should be filed by:   Sep 8, 2025

6.5   Reports from retained experts due:

　　　from plaintiff(s) by   Dec 1, 2025

　　　from defendant(s) by   Jan 5, 2026

6.6   Supplementations due   Jan 20, 2026

6.7   All expert discovery commenced in time to be completed by   Feb 3, 2026

6.8   This case may be appropriate for trial in approximately:

   \_\_\_\_ 240 Days from the filing of the action in this court

   \_\_\_\_ 365 Days from the filing of the action in this court

   <u>Apr 6, 2026</u> Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

   <u>Feb 23, 2026</u>   (month/year)

6.10   Trial

   6.10.1 Suggested Date for Trial:

   <u>Apr 6, 2026</u>   (month/year)

7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Jeremy Jackson, c/o Counsel
_____
Name

Plaintiff
_____
Title

2657 Mt. Carmel Ave.
_____

Glenside, PA 19038

Address

(215) 225-5529                              Daytime Telephone

_____
Name

_____
Title

_____
Address

(   )     -                                   Daytime Telephone

8.0   Alternative Dispute Resolution ("ADR")

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure  Private Mediator

        Date ADR to be commenced  Jul 7, 2025
        Date ADR to be completed  Jul 7, 2025

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    N/A

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:  N/A

## 9.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  ___ Y   _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    _____ Scranton/Wilkes-Barre
    _____ Harrisburg
    _____ Williamsport

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.  N/A

11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: October 31, 2024

____Andrew Roman Perrong____
Attorney(s) for Plaintiff(s)

[X] ECF User(s)
[ ] Waiver requested (as separate document)
[ ] Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: _____

_____
Attorneys(s) for Defendant(s)

[ ] ECF User(s)
[ ] Waiver requested (as separate document)
[ ] Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.