**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEREMY JACKSON,<br><br>            Plaintiff,<br><br>v.<br><br>KWU COMPANY and BARRY GLEN TAYLOR, individually,<br><br>            Defendants. | Civil Action No.: 4:24-CV-1275<br><br>State Civil Action No.: 2024-CV-1558-CI (Centre County) [Removed]<br><br>**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

## DEFENDANT'S BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendants, Barry Glenn Taylor and KWU Company by counsel, file the within Brief in Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice (*ECF 21*) alleging as follows:

### I.   INTRODUCTION

Plaintiff initiated this matter against Defendants, a Texan truck driver and his d/b/a, after allegedly receiving phone calls from likely an Indian or Pakistani[1] company because Defendant let an agent of the company process a payment through his merchant account. Plaintiff brought multiple counts under the Telephone Consumer Protection Act

---

[1] During discovery a subpoena revealed a potential caller other than the allegedly Indian company "Walkin Global"; this other potential caller is a Pakistani company named "FusionTrek" and appears to be based out of Islamabad. Thus, the parties have no idea who actually made the relevant calls.

1

("TCPA") which, according to Defendant, were frivolous since the beginning. Discovery has confirmed, as if it was not obvious from the start, there is no liability as to Defendants under any of the counts. Plaintiff did not and has not identified and sued the actual caller, again likely a foreign entity. Indeed, all along Plaintiff Jackson was "after the wrong man." See, ECF 13 p. 7. Plaintiff now moves the Court for voluntary dismissal without prejudice pursuant to F.R.C.P. 41(a)(2).

## II. LEGAL STANDARD

"[A]n action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper**." F.R.C.P. 41(a)(2) (Emphasis Added). Without prejudice dismissals are a matter of judicial discretion. See, *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951); *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947).

## III. ARGUMENT

While Defendant is encouraged that Plaintiff is finally giving up and that this case will soon be over, a without prejudice dismissal would prejudice the Defendant by putting him at risk for a second lawsuit anytime until early 2028. Defendant has already spent significant sums

of money defending this matter and would be prejudiced if he had to do it again. While Plaintiff wishes to avoid the effects of a with prejudice dismissal, this Court may enter a dismissal "on such terms and conditions as the court considers proper." See, *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947), citing F.R.C.P. 41(a)(2); see also, *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951)(affirming that Rule 41 without prejudice dismissals are "a matter of judicial discretion [which] has been accepted by the great majority of the District Courts and Courts of Appeals in this county").

To be clear, Defendant does not object to Plaintiff's request for voluntary dismissal, but due to the substantial prejudice Defendant faces, Defendant respectfully requests this Court exercise its authority under the cited rule of civil procedure and dismiss the case <u>with</u> prejudice.

**PRAYER FOR RELIEF**

Wherefore, Defendants Barry Glen Taylor and KWU Company respectfully request that this Honorable Court enter Defendant's Proposed Order filed contemporaneously herewith, granting Plaintiff's Motion for Voluntary Dismissal (ECF 21) <u>with</u> prejudice.

                                                      **The Skeen Firm, PLLC**

Dated: <u>August 8, 2025</u>        By: <u>/s/ Brian P. McLaughlin, Esq.</u>
                                                 Brian P. McLaughlin
                                                 PA I.D. No. 331695
                                                 brian@theskeenfirm.com
                                                 Brocton G. Skeen
                                                 PA I.D. No. 325164
                                                 (*Pro Hac Vice)*
                                                 bskeen@theskeenfirm.com
                                                 6 S. Main Street, Suite 210
                                                 Washington, PA 15301

## WORD COUNT CERTIFICATE

In accordance with L.R. 7.8, the undersigned certifies the foregoing Brief contains 499 words as calculated Microsoft Word.

Dated:   August 8, 2025   By: /s/ Brian P. McLaughlin
                              Brian P. McLaughlin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following parties were served the within document on August 8, 2025 via ECF.

Andrew Perrong, Esq
Perrong Law, LLC
2657 Mt. Carmel Avenue
Glenside, PA 19038
a@perronglaw.com
*Counsel for Plaintiff*

By: /s/ Brian P. McLaughlin
    Brian P. McLaughlin
    PA I.D. No. 331695