IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeremy Jackson,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>KWU CO., et al.,<br>　　　　　　Defendants. | CASE NO. 4:24-CV-01275-MWB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE PURSUANT TO FED R. CIV P. 41(A)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, Jeremy Jackson, by and through counsel in the above-captioned action, hereby moves to voluntarily dismiss without prejudice his claims against all Defendants in this matter. Plaintiff in this matter, being fully informed, consents to this relief. Defendant does not consent to this relief.

Rule 41(a)(2) permits voluntary dismissals at any time "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under this paragraph is without prejudice. *Id.* As the language of the Rule suggests, this Court has broad discretion to grant a motion for voluntary dismissal under Rule 41(a)(2), and such dismissal is generally without prejudice unless it would be inequitable or prejudicial to the defendant to allow the plaintiff to refile the action. *Chodorow v. Roswick*, 160 F.R.D. 522, 523

1

(E.D. Pa. 1995). As a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). The Third Circuit has counseled that, like the amendment context, the voluntary dismissal context urges courts to liberally grant such requests. *Id.* It has thus adopted a "liberal policy" in favor of dismissal under Rule 41(a)(2). *Id.*

Substantial prejudice typically occurs when the Defendant has conducted significant and substantial discovery into the action, where it appears the Plaintiff is forum shopping, to add or remove untenable claims, or to seek to relitigate an adverse ruling. *Est. of Ware v. Hosp. of the Univ. of Pennsylvania*, 871 F.3d 273, 286 (3d Cir. 2017). Defendant will not suffer plain legal prejudice as a result of the dismissal that Plaintiff seeks in this motion. Defendant's "Opposition," filed before the Plaintiff filed his initial brief here, does not identify any cognizable "plain legal prejudice" that would justify converting Plaintiff's routine Rule 41(a)(2) request into a dismissal with prejudice. The Third Circuit's "liberal policy" favoring voluntary dismissals controls, and the mere prospect of a second suit, standing alone, is not legal prejudice. All Defendant's opposition states is that the Defendant will merely be forced to defend a second lawsuit, in accordance with the TCPA's statute of limitations, were the Plaintiff to re-file the lawsuit again.

That is insufficient under Third Circuit precedent and ends the inquiry under Rule 41(a)(2).

Moreover, Defendant has not filed a motion for summary judgment, and the parties are not near trial. In fact, the dismissal sought here is not brought for any improper reason: as a practical matter, the Defendant's ability to pay and other resource allocation considerations simply make this lawsuit unviable. That Defendant may become more viable and this case proceed in the future is insufficient for a holding of legal prejudice to the Defendant. Nor is the Plaintiff motivate to dismiss this matter because of some untoward motive, such as seeking to relitigate and consolidate a case with one already pending in state court. *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 843 (3d Cir. 2014) The Plaintiff does not seek or intend to file the cases in another jurisdiction, nor is there any indication that Plaintiff is seeking to relitigate some failed strategy or adverse ruling. *Kachwalla v. Twp. of Edison*, 348 F.R.D. 215, 219 (D.N.J. 2024). The mere prospect that the Plaintiff will simply refile his lawsuit is insufficient for a finding of prejudice. *Id.*

Nor did the Defendant expend any specific and substantial resources litigating against the Plaintiff here, either, nor did it expend substantial resources in developing issues germane to the Plaintiff. *In re Paoli*, 916 F.2d at 863. The Defendant did not depose the Plaintiff, so no time was spent on that. *See*

3

*Kachwalla*, 348 F.R.D. at 220. And Defendant does not "spotlight legal or factual arguments they invested in developing" against Plaintiff, either. *Id.* Indeed, Defendant's defense of this case was extremely bare-bones, consisting of no depositions, and only a limited set of written discovery and some follow up based on third-party subpoena responses. Defendant's principal prejudice claim is that a dismissal without prejudice would leave open the possibility of re-filing "until early 2028" and that Defendant has incurred defense costs. But "the mere prospect of a second lawsuit" is insufficient as a matter of law, and ordinary litigation expenses are not the type of legal prejudice that defeats a Rule 41(a)(2) motion. *In re Paoli*, 916 F.2d at 863. As Plaintiff has already explained, the resources Defendant expended in discovery here was limited to written exchanges; there was no significant merits investment uniquely tailored to this Plaintiff that would be wasted by dismissal. *Kachwalla*, 348 F.R.D. at 220.

Nor does Defendant's (false) rhetoric about "frivolous" claims or "no liability" convert a procedural Rule 41(a)(2) motion into a merits adjudication. If Defendant truly believed it was entitled to judgment as a matter of law now, it should not have come through an opposition attempting to force a with prejudice merits outcome through Rule 41(a)(2). The Third Circuit has cautioned against denying voluntary dismissals which have the effect of creating backdoor merits

rulings where, as here, no dispositive motion is pending and no substantive rights are being impaired. *See In re Paoli*, 916 F.2d at 863.

Defendant also argues Plaintiff "sued the wrong man" and that some foreign call centers may have made the calls. As an initial matter, just because Defendant did not physically place the calls does not mean that Defendant is not liable based on well-established principles of TCPA vicarious liability. In fact, Defendant's own contention actually underscores why dismissal without prejudice is appropriate and not prejudicial. Given the prospect of a potential direct liability case against other defendants, as opposed to the theory of vicarious liability advanced here, Plaintiff is simply making a reasonable resource allocation decision in light of the present record and Defendant's collectability, while preserving claims against these other directly liable defendants should facts or circumstances change.

Simply put, there is no prejudice to the Defendant's legal interest, legal claims, or legal arguments. In this case, Defendant will have a full opportunity to present all available defenses in any future suit relating to the claims that Plaintiff now seeks to dismiss. Plaintiff has assessed the case and determined that it does not warrant proceeding further, and Plaintiff has preserved, and will continue to preserve, any potentially relevant information. As explained above, there is little prospect of Plaintiff collecting, even if he were to obtain an judgement in his favor.

Should the Defendant later become solvent or additional information is received by the Plaintiff, the Defendant would be entitled to any due process which it would have been, including a motion to dismiss, and the benefit of discovery in any future suit. Defendant would also have available to it any defenses as to any factual or legal infirmities affecting Plaintiff's claims. Plaintiff is simply making a decision of resource allocation given the challenges described above. And the Plaintiff has not suffered an adverse legal decision that lessens his chances for success on the merits.

If the Court nonetheless believes conditions are warranted to alleviate any practical concerns, Plaintiff would consent to reasonable, tailored terms that courts routinely impose with Rule 41(a)(2) dismissals in lieu of the extraordinary step of forcing a dismissal with prejudice. Appropriate conditions would include, for example, preservation of all discovery materials until the expiration of the applicable statute of limitations, restrictions on depositions already taken, and providing for the reuse of discovery already conducted in any future action to avoid duplication and costs. Those terms fully address Defendant's stated concerns with respect to discovery costs, which are *de minimis* with respect to Defendant in any event.

At bottom, Defendant identifies only the possibility of a later lawsuit sunk costs in its opposition. Both are insufficient under binding Third Circuit authority.

The record shows no forum shopping, no strategic abandonment after an adverse merits ruling, and no other forms of prejudice. Dismissal without prejudice is therefore the presumptive result. In sum, granting Plaintiff's motion for voluntary dismissal is consistent with the requirements of Rule 42(a)(1) and would not cause Defendant to suffer legal prejudice.

    Accordingly, the motion should be granted and the case dismissed without prejudice.

Date:  August 20, 2025

                                         */s/ Andrew Roman Perrong*
                                         Andrew Roman Perrong, Esq.
                                         Perrong Law LLC
                                         2657 Mount Carmel Avenue
                                         Glenside, Pennsylvania 19038
                                         Phone: 215-225-5529 (CALL-LAW)
                                         Facsimile: 888-329-0305
                                         a@perronglaw.com
                                         *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I, Andrew Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

    DATED this August 20, 2025.

                                           */s/ Andrew Roman Perrong*
                                         Andrew Roman Perrong, Esq.